UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO1:15-cv-22209-JLK

OSVALDO LOPEZ,
and other similarly situated individuals,

Plaintiff,

v.

TRIANGLE FIRE, INC., RAQUEL CANO,
and ORLANDO ALFONSO,

Defendants.

## DEFENDANTS' *AMENDED* PROPOSED JURY INSTRUCTIONS[1]

Defendants, TRIANGLE FIRE, INC. ("TRIANGLE FIRE"), RAQUEL CANO ("CANO"), and ORLANDO ALFONSO ("ALFONSO"), submit their *Amended* Proposed Jury Instructions pursuant to this Court's Order Setting Trial [DE 61].

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of May, 2017, that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Gina Cadogan*
GINA MARIE CADOGAN
Fla. Bar. 177350
CADOGAN LAW
300 S. Pine Island Road, Suite 107
Plantation, Florida 33324
Tel: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com

## SERVICE LIST
***Osvaldo Lopez v. Triangle Fire, Inc., et al.***
**CASE NO1:15-cv-22209-JLK**

Anthony M. Georges-Pierre, Esq.

[1] Defendants amend their previously submitted proposed Instructions in light of the Court's ruling on the 7i exemption issue [DE 62]

Anaeli C. Petisco, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
agp@rgpattorneys.com
apetisco@rgpattorneys.com
*[CM/ECF]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO1:15-cv-22209-JLK

OSVALDO LOPEZ,
and other similarly situated individuals,

Plaintiff,
v.

TRIANGLE FIRE, INC., RAQUEL CANO,
and ORLANDO ALFONSO,

Defendants.

---

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

## 1.1 General Preliminary Instructions

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence?

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence?

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

This case involves claims by Mr. Lopez for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (the "FLSA") and claims for breach of agreement and quantum meruit. Mr. Lopez claims the Triangle Fire, Mrs. Cano and Mr. Alfonso did not pay him the overtime required by law. Mr. Lopez also claims that Triangle Fire breached its agreement to pay him the commission agreed upon when an account would go into collections. Mr. Lopez worked for Triangle Fire from approximately May 27, 2012 until October 20, 2014 as a fire extinguisher service person.

According to Mr. Lopez, he worked an average of 55 hours per week (or more) and was initially paid approximately $1,200 per week. During the majority of his employment, Mr. Lopez made an average of approximately $21.82 per hour (hourly rate). However, according to Mr. Lopez the Defendants never paid Mr. Lopez any overtime premium for the hours that he worked in excess of 40 per week (an average of 15 hours of overtime).

Mr. Lopez seeks to recover overtime wages owed to him (approximately $20,456.25 in unliquidated damages), liquidated damages in the amount of $20,456.25, as well as breach of contract damages and quantum meruit damages in the amount of $10,000.00, attorney's fees and costs.

Triangle Fire, Mrs. Cano and Mr. Alfonso deny Mr. Lopez's claims. With respect to Mr. Lopez's claims for unpaid overtime pay, Triangle Fire, Mrs. Cano and Mr. Alfonso assert that Mr. Lopez did not work over forty hours per week as he

claims. Triangle Fire, Mrs. Cano and Mr. Alfonso also state that they had a good faith and reasonable belief that they did not have to pay Mr. Lopez overtime pay due to an exemption under the law since he provides services directly to customers, was paid 100% in commissions on all products and services he sold, and earned over one and one-half the minimum wage.

Additionally, Triangle Fire denies it breached any agreement to repay Mr. Lopez his commissions that they reversed on accounts that went to collections. They also deny that Mr. Lopez is entitled to quantum meruit for those bad debt accounts. Finally, Triangle Fire, Mrs. Cano and Mr. Lopez assert that, if you find that Mr. Lopez is entitled to any overtime pay or damages for breach of contract or quantum meruit, any recovery received by him should be offset by the equipment and supplies Mr. Lopez failed to return to Triangle Fire when he quit.

Burden of proof:

Mr. Lopez has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Mr. Lopez must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Mr. Lopez and the evidence favoring Triangle Fire, Mrs. Cano and Mr. Alfonso on opposite sides of balancing scales, Mr. Lopez needs to make the scales tip to his side. If Mr. Lopez fails to meet this burden, you must find in favor of Triangle Fire, Mrs. Cano and Mr. Alfonso.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all

witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Triangle Fire, Mrs. Cano and Mr. Alfonso have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Triangle Fire, Mrs. Cano and Mr. Alfonso must prove for any affirmative defense. After considering all the evidence, if you decide that Triangle Fire, Mrs. Cano and Mr. Alfonso has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, Snap Chat, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully

listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Mr. Lopez will present his witnesses and ask them questions. After Mr. Lopez questions the witness, Triangle Fire, Mrs. Cano and Mr. Alfonso may ask the witness questions – this is called "cross-examining" the witness. Then Triangle Fire, Mrs. Cano and Mr. Alfonso will present their witnesses, and Mr. Lopez may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

ANNOTATIONS AND COMMENTS

Pattern Civ. Jury Instr., 11th Cir. 1.1 (2010)

Rachal v. Allen, 376 F.2d 999 (5th Cir. 1967); Reich v. Cruises Only, Inc., 1997 US Dist. LEXIS 23727 (MD Fla. 1997); ); Alvarado v. Corporate Cleaning Serv., 782 F.3d 365 7th Cir. 2015); Charlot v. Ecolab, Inc., 136 F. Supp.3d 433 (SD NY 2015); English v. Ecolab, Inc., 2008 US Dist. LEXIS 25862 (SD NY 2008); Schwind v. EW & Assoc., 371 F. Supp.2d 560 (SD NY 2005); Cooper v. Alsco, Inc., No. 91801-5 (Wash. S. Ct. Aug. 4, 2016); 29 CFR §779.318; 29 USC §207(i).

## 1.4 Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 1.4 (2010)

## 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a “stipulation”. You must treat these facts as proved for this case.

The Parties have stipulated that:

a. Plaintiff and Defendants are residents of Miami-Dade County, Florida.

b. Plaintiff worked for the Defendants from on or about May 27, 2012 until October 20, 2014.

c. Defendants paid Plaintiff commissions on all services and products he sold to customers.

d. Plaintiff worked for the Defendants visiting various businesses throughout South Florida to perform work.

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 2.1 (2010)

## 2.2 Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 2.2 (2010)

## 2.6 Use of Interrogatories

During trial, you may hear answers that a party gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, the party gave the answers in writing while under oath.

You must consider the party's answers to as though they gave the answers on the witness stand.

APPROVED: ______________

DENIED: ______________

GIVEN AS MODIFIED: ______________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 1.1 (2010)

**3.2.2 The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 3.2.2 (2010)

## 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

APPROVED: _____________

DENIED: _____________

GIVEN AS MODIFIED: _____________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 3.3 (2010)

### 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 3.4 (2010)

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

APPROVED: ______________

DENIED: ______________

GIVEN AS MODIFIED: ______________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 3.5.1 (2010)

**3.7.1 Responsibility for Proof – Plaintiff's Claim– Preponderance of the Evidence**

In this case it is the responsibility of the Mr. Lopez to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Lopez's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Mr. Lopez.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Lopez's claim[s] by a preponderance of the evidence, you should find for the Triangle Fire, Mrs. Cano and Mr. Alfonso as to that claim.

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

<u>**ANNOTATIONS AND COMMENTS**</u>

Pattern Civ. Jury Instr., 11th Cir. 3.7.1 (2010)

**3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence**

In this case, the Triangle Fire, Mrs. Cano or Mr. Alfonso asserts the affirmative defenses that:

1. Plaintiff has failed to state a claim or cause of action upon which relief can be granted for overtime and under Florida common law.

2. Defendants have not violated any legal or contractual duty owed to Plaintiff.

3. Plaintiff's claims are barred in whole or in party by any applicable exemptions, exclusions, and credits under the FLSA, including but not limited to 29 USC §207(i), since he was a commission service employee at an employer who provides services to the public at large and more than one-half of Plaintiff's six figure salary was based upon commissions.

4. All actions taken by Defendants were made in good faith and with reasonable grounds for believing the acts or omissions did not violate the FLSA, were made in good faith, in conformity with, and in reliance on applicable regulations, orders, rules, interpretations, administrative practices or enforcement policies with respect to the class of service employers to which Triangle Fire belongs. Thus, neither liquidated damages nor an extended statute of limitations is warranted.

5. Plaintiff is not entitled to any statutory penalties or damages that he may seek due to Defendants' record of correctly and properly computing and paying Plaintiff his commission-only wages pursuant to the FLSA.

6. If Plaintiff was not paid his correct wages, which Defendants deny, any failure to not properly compute or pay Plaintiff his correct wages was unintentional, inadvertent and not willful.

7. If Plaintiff is entitled to any additional wages, which the Defendant denies, he is only entitled to receive half time pay for any wages due to him.

8. To the extent that Plaintiff engaged in activities during alleged work time that were personal in nature, not for the benefit of Defendants or did not involve physical or mental exertion controlled or required by Defendants, Plaintiff's claims are barred.

9. Plaintiff's claims are barred as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

10. Plaintiff's claims are barred to the extent that Plaintiff worked any unreported hours and did so in violation of company policy and/or concealed the facts from the Defendants.

11. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that his own conduct resulted in him not being paid for all hours worked or otherwise compensated in accordance with the FLSA.

12. All of Defendants' actions were taken for lawful, legitimate business reasons.

13. Defendants are entitled to a set-off from any amount awarded.

14. Plaintiff, either jointly or severally, is not similarly situated to any other person or persons for purposes of the FLSA.

15. Some or all of the purported claims in the Complaint are barred because the named Plaintiff, jointly or severally, lacks standing to represent the purported collective action members.

16. Defendants assert as a defense, insufficiency of service of process.

17. Defendants reserve the right to amend their Affirmative Defenses as might become available or apparent during the course of discovery.

Even if the Mr. Lopez proves his claims by a preponderance of the evidence, Triangle Fire, Mrs. Cano or Mr. Alfonso can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that neither Triangle Fire, Mrs. Cano or Mr. Alfonso do not have to disprove Mr. Lopez's claims, but if Triangle Fire, Mrs. Cano or Mr. Alfonso raises an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 3.7.2 (2010)

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 3.9 (2010)

**4.14 Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.**

In this case, Mr. Lopez claims that Triangle Fire, Mrs. Cano and Mr. Alfonso did not pay Mr. Lopez the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claim against Triangle Fire, Mrs. Cano and Mr. Alfonso, Mr. Lopez must prove each of the following facts by a preponderance of the evidence:

First: Mr. Lopez was an employee of Triangle Fire, Mrs. Cano and Mr. Alfonso and was employed by an enterprise engaged in commerce;

Second: Triangle Fire, Mrs. Cano and Mr. Alfonso failed to pay Mr. Lopez overtime pay required by law; and

Third: Triangle Fire, Mrs. Cano and Mr. Alfonso did not have a good faith belief that Mr. Lopez was not entitled to overtime pay as a commissioned sales or service person exemption.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Triangle Fire stipulates that it is engaged in commerce.

Overtime claim: The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by 40. To calculate how much overtime pay was owed to Mr. Lopez for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. Triangle Fire, Mrs. Cano and Mr. Alfonso failed to pay Mr. Lopez the required overtime pay if they paid him less than that amount.

Damages Period and Liquidated Damages: Mr. Lopez claims Triangle Fire, Mrs. Cano and Mr. Alfonso owe him for three years of overtime pay and double-damages for willfully refusing to pay him overtime pay.

Triangle Fire, Mrs. Cano and Mr. Alfonso claim that they held a good faith belief that Mr. Lopez is exempt from the FLSA's overtime provisions because they honestly believed that he was exempt from overtime payments since: (a) Triangle Fire sells services and products to customers and does no manufacturing; (b) Mr. Lopez was paid 100% in commissions for services and products he sold to those customers; and (c) Mr. Lopez earned more than one and one-half the minimum wage.

If you find that Triangle Fire, Mrs. Cano and Mr. Alfonso had a good faith belief that they did not have to pay Mr. Lopez overtime pay, you will not decide the issue of Mr. Lopez's claim for double-damages. The amount of damages is the difference between the amount Mr. Lopez should have been paid and the amount he

was actually paid. Mr. Lopez is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit [June 10, 2016].

If you find that the employer knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Mr. Lopez is entitled to recover lost wages from date of your verdict back to no more than three years before he filed this lawsuit.

Inadequate Records: The law requires an employer to keep records of how many hours his employees work and the amount they are paid. In this case, Mr. Lopez claims that Triangle Fire, Mrs. Cano and Mr. Alfonso failed to keep and maintain adequate records of his hours and pay. Mr. Lopez also claims that Triangle Fire, Mrs. Cano and Mr. Alfonso's failure to keep and maintain adequate records has made it difficult for Mr. Lopez to prove the exact amount of his claim.

If you find that Triangle Fire, Mrs. Cano and Mr. Alfonso failed to keep adequate time and pay records for Mr. Lopez and that Mr. Lopez performed work for which he should have been paid, Mr. Lopez may recover a reasonable estimation of the amount of his damages. But to recover this amount, Mr. Lopez must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

## SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That Triangle Fire, Mrs. Cano and Mr. Alfonso failed to pay Mr. Lopez the overtime pay required by law?

Answer Yes or No ____________

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. That Triangle Fire, Mrs. Cano and Mr. Alfonso knew or showed reckless disregard for whether the FLSA prohibited its conduct?

Answer Yes or No ____________

3. That Mr. Lopez should be awarded damages?

Answer Yes or No ____________

If your answer is "Yes,"
in what amount? $____________

SO SAY WE ALL.

____________________________
Foreperson's Signature

DATE: ____________________

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 1.1 (2010)

Rachal v. Allen, 376 F.2d 999 (5th Cir. 1967); Reich v. Cruises Only, Inc., 1997 US Dist. LEXIS 23727 (MD Fla. 1997); ); Alvarado v. Corporate Cleaning Serv., 782 F.3d 365 7th Cir. 2015); Charlot v. Ecolab, Inc., 136 F. Supp.3d 433 (SD NY 2015); English v. Ecolab, Inc., 2008 US Dist. LEXIS 25862 (SD NY 2008); Schwind v. EW & Assoc., 371 F. Supp.2d 560 (SD NY 2005); Cooper v. Alsco, Inc., No. 91801-5 (Wash. S. Ct. Aug. 4, 2016); 29 CFR §779.318; 29 USC §207(i).

## INSTRUCTION

### Breach of Contract Claim

Mr. Lopez claims that Triangle Fire breached a contract with him to pay him commissions, since Triangle Fire charged back the commissions it paid him when it sent clients to collections. In order to prove Triangle Fire breached a contract with Mr. Lopez, he must demonstrate by a preponderance of the evidence that:

1) A contract existed;
2) Triangle Fire materially breached the contract; and
3) It caused him damages.

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

ANNOTATIONS AND COMMENTS

Murciano v. Garcia, 958 So. 2d 423 (Fla. 3d DCA 2007)

## INSTRUCTION

### Quantum Meruit Claims

Mr. Lopez claims that Triangle Fire owes him quantum meruit, since Triangle Fire charged back the commissions it paid him when it sent clients to collections. In order to prove Triangle Fire owes Mr. Lopez quantum meruit, he must demonstrate by a preponderance of the evidence that:

1) He conferred a benefit on Triangle Fire;

2) Triangle Fire knew about that benefit;

3) Triangle Fire accepted the benefit; and

4) Circumstances are such that it would be inequitable for Triangle Fire to retain the benefit without paying fair value for it.

APPROVED: ____________

DENIED: ____________

GIVEN AS MODIFIED: ____________

**ANNOTATIONS AND COMMENTS**

Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co., 695 So. 2d 383 (Fla. 4th DCA 1997).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO1:15-cv-22209-JLK

OSVALDO LOPEZ,
and other similarly situated individuals,

Plaintiff,
v.

TRIANGLE FIRE, INC., RAQUEL CANO,
and ORLANDO ALFONSO,

Defendants.
______________________________________

**DEFENDANTS' PROPOSED VERDICT FORM**

**Do you find from a preponderance of the evidence:**

***As to Mr. Lopez's Claim for Overtime Wages:***

1. That Mr. Lopez worked over 40 hours a week?

Answer Yes or No ____________

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. That Triangle Fire, Mrs. Cano and Mr. Alfonso failed to pay Mr. Lopez the overtime pay required by law?

Answer Yes or No ____________

If your answer is "No," to the Breach of Contract section. If your answer is "Yes," go to the next question.

3. That Triangle Fire, Mrs. Cano and Mr. Alfonso willfully or with reckless disregard deliberately failed to pay Mr. Lopez overtime wages?

Answer Yes or No ____________

If your answer is "No," go to Question 4. If your answer is "Yes," go to the Question 5.

4. That Mr. Lopez should be awarded damages for the period June 10, 2013 to his last date worked?

Answer Yes or No ____________

If your answer is "No," go to the Breach of Contract section. If your answer is "Yes," in what amount? $____________.

5. That Mr. Lopez should be awarded damages for the period June 10, 2012 to his last date worked?

Answer Yes or No ____________

If your answer is "No," go to the Breach of Contract section. If your answer is "Yes," in what amount? $____________.

***As to Mr. Lopez's Breach of Contract Claim:***

6. That a contract existed for Triangle Fire to pay Mr. Lopez commissions on invoices that customers failed to pay?

Answer Yes or No ____________

If your answer is "No," to the Quantum Meruit section. If your answer is "Yes," go to the next question.

7. That Triangle Fire materially breached the contract to pay Mr. Lopez commissions on invoices that customers failed to pay?

Answer Yes or No ____________

If your answer is "No," to the Quantum Meruit section. If your answer is "Yes," go to the next question.

8. That any breach of contract damages awarded to Mr. Lopez should be reduced as a set-off for the equipment he failed to return to Triangle Fire?

Answer Yes or No ____________

If your answer is "No," go to the next question. If your answer is "Yes," in what amount? $____________.

9. That Triangle Fire caused Mr. Lopez damages for deducting commission advances for invoices that customers failed to pay?

Answer Yes or No ____________

If your answer is "No," to the Quantum Meruit section. If your answer is "Yes," in what amount? $__________.

***As to Mr. Lopez's Quantum Meruit Claim:***

10. That Mr. Lopez conferred a benefit on Triangle Fire for services provided to customers who failed to pay their invoices?

Answer Yes or No ____________

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

11. That Triangle Fire knew about that benefit Mr. Lopez conferred to in for services provided to customers who failed to pay their invoices?

Answer Yes or No ____________

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

12. That Triangle Fire accepted the benefit Mr. Lopez conferred to in for services provided to customers who failed to pay their invoices?

Answer Yes or No ____________

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

13. That any quantum meruit damages awarded to Mr. Lopez should be reduced as a set-off for the equipment he failed to return to Triangle Fire?

Answer Yes or No ____________

If your answer is "No," go to the next question. If your answer is "Yes," in what amount? $____________.

14. That circumstances are such that it would be inequitable for Triangle Fire to retain the benefit Mr. Lopez conferred to in for services provided to customers who failed to pay their invoices without paying fair value for it?

Answer Yes or No ____________

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," in what amount? $____________.

SO SAY WE ALL.

____________________________
Foreperson's Signature

DATE: ___________________

APPROVED: ____________

DENIED: _____________

GIVEN AS MODIFIED: _____________

**ANNOTATIONS AND COMMENTS**

Pattern Civ. Jury Instr., 11th Cir. 1.1 (2010)

Rachal v. Allen, 376 F.2d 999 (5th Cir. 1967); Reich v. Cruises Only, Inc., 1997 US Dist. LEXIS 23727 (MD Fla. 1997); ); Alvarado v. Corporate Cleaning Serv., 782 F.3d 365 7th Cir. 2015); Charlot v. Ecolab, Inc., 136 F. Supp.3d 433 (SD NY 2015); English v. Ecolab, Inc., 2008 US Dist. LEXIS 25862 (SD NY 2008); Schwind v. EW & Assoc., 371 F. Supp.2d 560 (SD NY 2005); Cooper v. Alsco, Inc., No. 91801-5 (Wash. S. Ct. Aug. 4, 2016); 29 CFR §779.318; 29 USC §207(i).

Murciano v. Garcia, 958 So. 2d 423 (Fla. 3d DCA 2007)

Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co., 695 So. 2d 383 (Fla. 4th DCA 1997).