UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO1:15-cv-22209-JLK

OSVALDO LOPEZ,
and other similarly situated individuals,

Plaintiff,
v.

TRIANGLE FIRE, INC., RAQUEL CANO,
and ORLANDO ALFONSO,

Defendants.

---

## DEFENDANTS' MOTION FOR DIRECTED VERDICT

Defendants, TRIANGLE FIRE, INC., RAQUEL CANO and ORLANDO ALFONSO, pursuant to Rule 50, move for directed verdict, and in addition to any arguments raised *ore tenus* and in support state as follows:

## UNDISPUTED FACTS

1. Insufficiency of Service of Process: Plaintiff has failed to effectuate service of process on Defendants.
2. Section 7i Exemption:
    a. TRIANGLE FIRE services and refills fire extinguishers to the general public and to business locations both at its business location, at customer's places of business and over the internet.
    b. The fire extinguishers refilled and serviced by TRIANGLE FIRE to the general public and to businesses are the same.


CADOGAN LAW | 300 S. PINE ISLAND ROAD, SUITE 107 | PLANTATION, FL 33324 | T: 954.606.5891 | F: 877.464.7316

c. TRIANGLE FIRE is a service establishment that provides services that are not for resale.

d. TRIANGLE FIRE does not manufacture any goods for re-sale.

e. TRIANGLE FIRE is recognized as a retail services establishment in the industry.

f. TRIANGLE FIRE serves the everyday needs of the community.

g. TRIANGLE FIRE paid Plaintiff 100% in commissions.

h. TRIANGLE FIRE paid Plaintiff over one and one-half the minimum wage.

3. No Contract exists to establish Breach of Contract.

4. No *Quantum Meruit* on Zero Funds collected.

**MEMORANDUM OF LAW**

**A. Rule 50(a).**

"A district court should grant judgment as a matter of law when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action." Kellner v. NCL (Bahamas) Ltd., 2016 US Dist. LEXIS 111777 (SD Fla. 2016)(Altonaga, J.)(quoting, Pickett v. Tyson Fresh Meats, Inc., 420 F.3d 1272, 1278 (11th Cir. 2005) (alteration added)).

**B. As a matter of law, Plaintiff failed to properly serve the Defendants.**

Defendants have raised insufficiency of service of process as their affirmative defense ***eight*** times:

1) Answer and Affirmative Defenses on June 25, 2015 [DE 8];


CADOGAN LAW | 300 S. PINE ISLAND ROAD, SUITE 107 | PLANTATION, FL 33324 | T: 954.606.5891 | F: 877.464.7316

2) Amended Answer and Affirmative Defenses on August 6, 2015 [DE 15];

3) Response to Interrogatory #15 on November 19, 2015;

4) Amended Response to Interrogatory #15 on December 2, 2015;

5) Pretrial Stipulation [DE 31];

6) Pretrial Stipulation [DE 44];

7) Defendants' Proposed Jury Instructions [DE 52]; and

8) Defendants' Amended Proposed Jury Instructions [DE 63]

At trial, Defendants presented unrebutted evidence that Plaintiff failed to serve them with the Complaint. Plaintiff failed to come forward with any evidence that he properly served Defendants with the initial pleading. Rule 12(b)(5) requires that the Plaintiff effectuate sufficient service the Defendants. Fed. R. Civ. P. 12(b)(5) and 4(c). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

Defendants did not waive this defense, since it asserted it in its first responsive pleading and has continued to assert it throughout this lawsuit. [DES 8&15] This Circuit finds "we are aware of no authority for holding that actual notice may cure service defectively executed." Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991)(failure to effectuate service after defendant failed to return waiver of service form meant that the court had no jurisdiction over the defendant). Moreover, the Eleventh Circuit holds that "a party's right to dispute personal jurisdiction is waived if the party fails to assert that objection in its first Rule 12

motion, **other responsive pleading** or general appearance." Oldfield v. Pueblo De Bahia Lora SA, 558 F.3d 1210, fn.21 (11th Cir. 2009)(citing Paradazi, 896 F.2d at 1317);; Barr v. One Touch Direct LLC, 2016 US Dist. LEXIS 54092 *6 (MD Fla. 2016)(record showed defendants repeatedly asserted insufficiency of service of process and the inclusion of other defenses did not waive 12(b)5 defense); Clark v. City of Zebulon, 156 FRD 684 (ND Ga. 1993)(defense of insufficiency of service not waived even where party participated in discovery, settlement negotiations and filed a dispositive motion; plaintiff disregarded defendant's warnings about insufficiency of service).

Accordingly, directed verdict should be granted in favor of Defendants on all claims brought by Plaintiff due to his failure to properly serve them.

**C. As a matter of law, TRIANGLE FIRE is exempt under Section 7i as a "retail service establishment".**

Black's Law Dictionary defines "retail" ad "A sale for final consumption in contrast to a sale for further sale or process (ie, wholesale). A sale to the ultimate customer." Black's Law Dictionary, 6th Ed. (emphasis added).

In order to be exempt under 7i, the employee must: (1) work in a retail or service establishment; (2) paid wages in excess of one and one-half the minimum wage; and (3) receive over 50% of their pay in commissions. 29 USC §207(i).

The crux of this case centers around whether TRIANGLE FIRE is a "retail or service establishment". Defendants state that, as a matter of law, its business is a "retail or service establishment," since TRIANGLE FIRE: "(1) sells goods to the general public; (2) serves the everyday needs of the community; and (3) is at the end

stream of distribution and does not take part in the manufacturing process." Rodriguez, 2015 US Dist. LEXIS 18769 at *14 (citing, Owepetu v. Nationwide CATV Auditing Servs., Inc., 2011 US Dist. LEXIS 107195 *4 (D. Vt. 2011)); 29 CFR § 779.318(a).

Defendants reiterate their arguments raised in prior pleadings with this Court specifically on this 7i exemption issue and move for directed verdict as to the FLSA claims.

**D. Plaintiff cannot establish a breach of contract or a quantum meruit claim for the bad debt charge-offs.**

Plaintiff admits that he was paid his commissions and quarrels with commissions that were charged-back due to bad debt collections. Plaintiff admits and has not rebutted evidence that the TRIANGLE FIRE's policy was to (1) pay its service technicians commissions regardless of whether the client paid their invoice; (2) alert the service technician about any bad debts; (3) give the service technician months to contact the client to obtain payment; and (4) charge back the commissions paid out on the bad debts with no charge back of the equipment and products the service technician sold to the customer(s).

The evidence shows that TRIANGLE FIRE acted in accordance with its policy.

Accordingly, Plaintiff cannot, as a matter of law, demonstrate all elements for a breach of contract claim. Terzis v. Pompano Paint and Body Repair, Inc., 127 So.3d 592, 596 (Fla. 4th DCA 2012). Plaintiff also cannot establish, as a matter of

law, he is entitled to quantum meruit for the bad debts which TRIANGLE FIRE had to send to collections.

As a result, TRIANGLE FIRE should be granted directed verdict in its favor on these two claims.

## CONCLUSION

For all the foregoing reasons and the reasons cited *ore tenus*, TRIANGLE FIRE, ORLANDO ALFONSO and RAQUEL CANO, respectfully request that this Court grant it Directed Verdict on all of Plaintiff's claims.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of June, 2017, that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Gina Cadogan*
GINA MARIE CADOGAN
Fla. Bar. 177350
CADOGAN LAW
300 S. Pine Island Road, Suite 107
Plantation, Florida 33324
Tel: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com

## SERVICE LIST

***Osvaldo Lopez v. Triangle Fire, Inc., et al.***

**CASE NO1:15-cv-22209-JLK**

Anthony M. Georges-Pierre, Esq.
Anaeli C. Petisco, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
*[Hand Delivery in Open Court]*