# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO. 15-22209-CIV-KING

OSVALDO LOPEZ,

    Plaintiff,

vs.

TRIANGLE FIRE, INC., RAQUEL CANO,
and ORLANDO ALFONSO,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW BASED UPON INSUFFICIENT SERVICE

**THIS MATTER** comes before the Court upon Defendant's motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure, filed during the trial of this matter at the close of Plaintiffs' case-in-chief. DE 70. The Court has additionally considered Plaintiff's response in opposition to the motion (DE 73), as well as Defendants' reply in support of the motion (DE 74).

## I. INTRODUCTION

Through the instant motion, Defendants seek relief based upon, *inter alia*, the affirmative defense of insufficiency of service of process, which was raised in Defendants' first responsive pleading,[1] i.e., Defendants' initial answer, and subsequently in Defendants' answer to the amended complaint.[2] For his part, Plaintiff concedes Defendants raised the

---

[1] For the reasons stated in open court on June 8, 2017, the Court already rejected Defendants' remaining arguments in support of judgment as a matter of law.
[2] *See* DE 8; *see also* DE 15.

1

insufficiency of process defense in their answers, but argues the Court should deny the motion and find that Defendants waived this affirmative defense through their conduct in this case.

## II. LEGAL STANDARD ON MOTION FOR JUDGMENT AS A MATTER OF LAW

A judgment as a matter of law is warranted only "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). When evaluating Rule 50 motions, courts must consider all of the evidence and reasonable inferences arising therefrom in the light most favorable to the nonmoving party. *Beckwith v. City of Daytona Beach Shores, Fla.*, 58 F.3d 1554, 1560 (11th Cir. 1995).

## III. DISCUSSION

As an initial matter, the Court would point out that insufficient service is a waivable defense under the Federal Rules, which is explicit in the Rule 12(h)(1) statement that a failure to timely and properly raise or assert this defense results in its waiver. Fed. R. Civ. P. 12(h)(1); *see also* Fed. R. Civ. P. 12(b). As such, insufficient service is not necessarily a fatal flaw in a case in the way that a lack of subject matter jurisdiction would be.

Turning to the case at hand, nearly two years have passed since Defendants first raised this defense in their initial answer, and in all of that time Defendants never sought relief based on the allegedly insufficient service. During those two years, Defendants *acted* as though personal jurisdiction over them had been properly perfected. This is not a situation where any Defendant lacked notice of or the opportunity to fully participate in this action. All Defendants promptly appeared in this case and answered the complaint fifteen days after

2

the complaint was filed, and each Defendant has actively participated in this matter through each stage of litigation all the way through trial.

During the nearly two years since Defendants first answered the complaint and appeared in this case, it would have been simple for Plaintiff to cure the service issue if Defendants had moved for relief based upon this defense and brought this matter to issue, but instead Defendants sat back and allowed time to pass, resulting in more and more of Plaintiff's claim falling outside the statute of limitations.[3] Yet, during all this time, Defendants never took the affirmative step of filing a motion to seek relief based upon this defense. With respect to this defense, the grounds for which have been present and complete the entire time this matter has been pending, Defendants ignored the Court-mandated deadline for the filing of dispositive motions contained in its scheduling order (DE 9). Furthermore, in *two* pretrial stipulations (DE 31; DE 44), Defendants stipulated to the Court's jurisdiction over this matter without raising any personal jurisdiction issues and otherwise failed to raise this issue in the pretrial stipulations or at the pretrial conference despite the fact that the pretrial stipulation requires the parties to list "*All Undisposed of Motions or Other Matters Requiring Action by the Court*" and the Court explicitly asked the parties during the pretrial conference if there were any pending issues remaining to be resolved. *See id.* (emphasis supplied).

---

[3] The statute of limitations for willful violations of the Fair Labor Standards Act is three years, and the statutes of limitations in Florida for breach of oral contract and quantum meruit are four years. If the Court were to dismiss this action without prejudice today, all but four months of Plaintiff's employment with Defendants would fall outside the statute of limitations for FLSA, and all but one year and four months would fall outside the statutes of limitations for breach of oral contract and quantum meruit.

3

That Defendants have had notice of, and have actively participated in, this case from its inception two years ago is plain. Indeed, Defendants: i) engaged in substantial discovery and took depositions, ii) attended a Court-ordered settlement conference, iii) filed a motion for summary judgment (which made no mention of this issue), iv) attended a pretrial conference (and made no mention of this issue), v) attended *two* calendar calls (and made no mention of this issue), vi) filed a renewed motion for summary judgment (and made no mention of this issue), and vii) allowed citizens of this District to be called in for two days of trial (without even attempting to alert the Court to this pending defense until the close of Plaintiff's case-in-chief). The Court is also acutely aware of the fact that Defendants were seeking, through their motions for summary judgment, a favorable ruling on an exemption issue which, in defense counsel's own words, is "very important" to Defendants and their industry, yet the motions were filed at a time when Defendants apparently believed (but withheld from the Court) that the Court lacked personal jurisdiction over them.

The cases cited by Defendants in support of their motion for judgment as a matter of law are factually and procedurally inapposite to the instant matter. *See Schnabel v. Wells*, 922 F.2d 726 (11th Cir. 1991) (dismissing action for insufficient service at summary judgment stage after case had been pending for only ten months); *see also Oldfield v. Pueblo De Bahia Loria, S.A.*, 558 F.3d 12010 (11th Cir. 2009) (setting aside default judgment and instructing district court to dismiss case where defendant was not properly served); *see also Clark v. City of Zebulon*, 156 F.R.D. 684 (N.D. Ga. 1993) (dismissing action for insufficient service at summary judgment stage after case had been pending for only ten months); *see also Barr v. One Touch Direct, LLC*, No. 15-CV-2391, DE 78 (M.D. Fla. April 22, 2016)

(dismissing action for insufficient service at motion to dismiss stage after case had been pending for only six months).

Therefore, based upon the circumstances present in this case, the Court concludes, as the Second Circuit did in the matter of *Datskow v. Teledyne, Inc.*, 899 F.2d 1298 (2d Cir. 1990) (Newman, J.), that Defendants have waived their insufficiency of service defense even though "the defense was asserted in a timely answer." *Id.* at 1303; *see also Rentz v. Swift Transp. Co., Inc.*, 185 F.R.D. 693, 697–701 (M.D. Ga. 1998). Like the defendant in *Datskow*, Defendants could have and *should have* sought relief based on inadequacy of service long before they did. Defendants' lengthy participation in this case and substantial engagement of the litigation machinery all the way through discovery, summary judgment, pretrial conference, calendar call, and Plaintiff's case-in-chief at trial warrants the conclusion that the affirmative defense of insufficient service of process has been waived.

To allow a successful assertion of this defense after two years of litigation, based upon Defendants' nominal written preservation of the defense by raising it in their answers, would be inequitable to Plaintiff. Insufficient service of process is a waivable defense under Rule 12 of the Federal Rules of Civil Procedure, and the Court finds it has been waived by Defendants' conduct. Therefore, the Rule 50 motion is denied with respect to the sufficiency of service issue.

## IV. CONCLUSION

Therefore, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendants' motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure **(DE 70)** be, and the same is, hereby **DENIED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 9th day of June, 2017.

*[Signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **All counsel of record**